# EXHIBIT "A"

Filed
2/19/2025 11:12 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. 25-DCV-326251

| | | |
|---|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, A/S/O RENEE R. STEFFAN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| *vs.* | § | ________ JUDICIAL DISTRICT |
| HOME DEPOT U.S.A., INC., GALANZ AMERICAS LIMITED COMPANY, GUANGDONG GALANZ ENTERPRISES CO., LTD., GUANGDONG GALANZ APPLIANCES MANUFACTURING CO., LTD., AND GUANGDONG GALANZ MICROWAVE OVEN AND ELECTRICAL APPLIANCES MANUFACTURING CO., LTD., | § | Fort Bend County - 458th Judicial District Court |
| Defendants. | § | FT. BEND COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE COURT:

COMES NOW PLAINTIFF, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, A/S/O RENEE R. STEFFAN (hereafter, "Allstate" or "Plaintiff"), Plaintiff in the above matter, complaining of Defendants, HOME DEPOT U.S.A., INC., GALANZ AMERICAS LIMITED COMPANY, GUANGDONG GALANZ ENTERPRISES CO., LTD., GUANGDONG GALANZ APPLIANCES MANUFACTURING CO., LTD., and GUANGDONG GALANZ MICROWAVE OVEN AND ELECTRICAL APPLIANCES MANUFACTURING CO., LTD. (hereafter, "Defendants"), and for its causes of action would respectfully show the Court as follows:

**DISCOVERY CONTROL PLAN**

**I.**

Discovery is intended to be conducted under Level 2 of TEX. R. CIV. P. 190. Plaintiff seeks to recover damages in excess of $450,000, but not in excess of $800,000, inclusive of pre-judgment

interest, post-judgment interest and costs of court.

**THE PARTIES**

**II.**

Plaintiff is an insurance company licensed to do business in the State of Texas. At the time of the loss in question, it insured a home owned by Renee R. Steffan ("Steffan"), which is located at 1806 American Elm Ct., Sugar Land, TX 77479 ("the Residence").

**III.**

Defendant, Home Depot U.S.A., Inc., is a corporation that conducts business in the State of Texas. It may be served with process through its registered agent for service of process: Corporation Service Company, d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701. Please issue a citation for service on the Defendant.

Defendant, Galanz Americas Limited Company, does business in the State of Texas, but does not maintain a registered agent for service of process in this State. Therefore, Galanz Americas Limited Company may be served with process by serving the Secretary of State as the substituted agent for service of process under TEX. CIV. PRAC. & REM. CODE §§ 17.044(a) and (b) at the following address:

Office of the Secretary of State
Statutory Documents Section - Citations Unit
1019 Brazos St.
Austin, Texas 78701

The Secretary of State should be instructed to forward the Petition and Citation to Galanz Americas Limited Company at its home office address, which is its principal place of business:

Galanz Americas Limited Company
55 Challenger Rd., Ste. 503
Ridgefield Park, NJ 07660

Plaintiff asserts that the Court can exercise specific jurisdiction over Defendant, Guangdong

Galanz Enterprises Co., Ltd., over damage caused by the failure of a product Guangdong Galanz Enterprises Co., Ltd., sold and/or distributed in the State of Texas or otherwise intended to be placed in the stream of commerce and distributed in the State of Texas. Based on information and belief, Guangdong Galanz Enterprises Co., Ltd., does business in the State of Texas, but does not maintain a registered agent for service of process in this State. Therefore, Guangdong Galanz Enterprises Co., Ltd., may be served with process by serving the Secretary of State as the substituted agent for service of process under TEX. CIV. PRAC. & REM. CODE §§ 17.044(a) and (b) at the following address:

Office of the Secretary of State
Statutory Documents Section - Citations Unit
1019 Brazos St.
Austin, Texas 78701

The Secretary of State should be instructed to forward the Petition and Citation to Guangdong Galanz Enterprises Co., Ltd., at its home office address, which is its principal place of business:

Guangdong Galanz Enterprises Co., Ltd.
25 Ronggui Nan Road
Shunde District, Foshan City
Guangdong Province 528305
China

Alternatively, Guangdong Galanz Enterprises Co., Ltd., may be served with process through China's designated Central Authority under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (commonly referred to as the "Hague Convention"). China's Central Authority can serve process on Guangdong Galanz Enterprises Co., Ltd., at:

Guangdong Galanz Enterprises Co., Ltd.
25 Ronggui Nan Road
Shunde District, Foshan City

Guangdong Province 528305
China

Plaintiff asserts that the Court can exercise specific jurisdiction over Defendant, Guangdong Galanz Appliances Manufacturing Co., Ltd., over damage caused by the failure of a product Guangdong Galanz Appliances Manufacturing Co., Ltd., sold and/or distributed in the State of Texas or otherwise intended to be placed in the stream of commerce and distributed in the State of Texas. Based on information and belief, Guangdong Galanz Appliances Manufacturing Co., Ltd., does business in the State of Texas, but does not maintain a registered agent for service of process in this State. Therefore, Guangdong Galanz Appliances Manufacturing Co., Ltd., may be served with process by serving the Secretary of State as the substituted agent for service of process under TEX. CIV. PRAC. & REM. CODE §§ 17.044(a) and (b) at the following address:

Office of the Secretary of State
Statutory Documents Section - Citations Unit
1019 Brazos St.
Austin, Texas 78701

The Secretary of State should be instructed to forward the Petition and Citation to Guangdong Galanz Appliances Manufacturing Co., Ltd., at its home office address, which is its principal place of business:

Guangdong Galanz Appliances Manufacturing Co., Ltd.
No. 3, East Xingpu Avenue
Maxin Industrial Zone
Huangpu Town, Zhongshan City
Guangdong Province 528429
China

Alternatively, Guangdong Galanz Appliances Manufacturing Co., Ltd., may be served with process through China's designated Central Authority under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (commonly referred to as the "Hague Convention"). China's Central Authority can serve process on Guangdong Galanz

Appliances Manufacturing Co., Ltd., at:

> Guangdong Galanz Appliances Manufacturing Co., Ltd.
> No. 3, East Xingpu Avenue
> Maxin Industrial Zone
> Huangpu Town, Zhongshan City
> Guangdong Province 528429
> China

Plaintiff asserts that the Court can exercise specific jurisdiction over Defendant, Guangdong Galanz Microwave Oven and Electrical Appliances Manufacturing Co., Ltd., over damage caused by the failure of a product Guangdong Galanz Microwave Oven and Electrical Appliances Manufacturing Co., Ltd., sold and/or distributed in the State of Texas or otherwise intended to be placed in the stream of commerce and distributed in the State of Texas. Based on information and belief, Guangdong Galanz Microwave Oven and Electrical Appliances Manufacturing Co., Ltd., does business in the State of Texas, but does not maintain a registered agent for service of process in this State. Therefore, Guangdong Galanz Microwave Oven and Electrical Appliances Manufacturing Co., Ltd., may be served with process by serving the Secretary of State as the substituted agent for service of process under TEX. CIV. PRAC. & REM. CODE §§ 17.044(a) and (b) at the following address:

> Office of the Secretary of State
> Statutory Documents Section - Citations Unit
> 1019 Brazos St.
> Austin, Texas 78701

The Secretary of State should be instructed to forward the Petition and Citation to Guangdong Galanz Microwave Oven and Electrical Appliances Manufacturing Co., Ltd., at its home office address, which is its principal place of business:

> Guangdong Galanz Microwave Oven and Electrical Appliances Manufacturing Co., Ltd.
> No. 25, South Ronggui Avenue
> Shunde District, Foshan City
> Guangdong Province 528305

China

Alternatively, Guangdong Galanz Microwave Oven and Electrical Appliances Manufacturing Co., Ltd., may be served with process through China's designated Central Authority under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (commonly referred to as the "Hague Convention"). China's Central Authority can serve process on Guangdong Galanz Microwave Oven and Electrical Appliances Manufacturing Co., Ltd., at:

Guangdong Galanz Microwave Oven and Electrical Appliances Manufacturing Co., Ltd.
No. 25, South Ronggui Avenue
Shunde District, Foshan City
Guangdong Province 528305
China

**JURISDICTION AND VENUE**

**IV.**

The wrongful conduct complained of took place in Ft. Bend County, Texas. Accordingly, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(2), venue is proper in Ft. Bend County, Texas. In addition, the Court has jurisdiction over both the parties and the subject matter of this suit.

**FACTS**

**V.**

The Defendants design, manufacture and/or distribute Refrigerators under the "Galanz" brand name. One such refrigerator was purchased by Plaintiff's insured from Home Depot approximately three years before it caught on fire. On May 3, 2023, the refrigerator caught on fire, causing extensive damage to Plaintiff's insured's home and personal property. Following the extensive damage to her home, Plaintiff's insured filed a claim for damages with Plaintiff,

which adjusted and paid the loss and now brings this suit, as a subrogee of its insured, against the responsible parties to recover what it paid, along with its insured's deductible.

**<u>CAUSES OF ACTION</u>**

**STRICT LIABILITY**

**VI.**

Plaintiff pleads, restates and realleges the previous paragraphs above as if set forth fully herein and would further show the Court the following:

Prior to the date of the incident that is the basis of this suit, Defendants designed, manufactured and/or distributed the refrigerator and its component parts so as to render it defective, unsafe and/or unreasonably dangerous. Defendants designed, manufactured and/or distributed a product that was unreasonably dangerous for its reasonably foreseeable uses. Defendants breached their duties to design, manufacture and/or distribute a safe product.

**VII.**

Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of Defendants' duties to design, manufacture and/or distribute a product that is reasonably safe for its intended uses and proximately caused the damages suffered by Plaintiff's insured, which are in excess of the minimum jurisdictional limits of this Court.

**VIII.**

Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of Defendants' duties to design a product that is reasonably safe for its intended uses and proximately caused the damages suffered by Plaintiff's insured, which are in excess of the minimum jurisdictional limits of this Court.

**NEGLIGENCE**

**IX.**

Plaintiff pleads, restates and realleges the previous paragraphs above as if set forth fully herein and would further show the Court the following:

At the time of the incident, Defendants owed a duty to Plaintiff to exercise reasonably prudent and ordinary care in the design, manufacture and/or distribution of the refrigerator. The Defendants violated this duty by negligently designing, manufacturing and/or distributing the refrigerator and by failing to act as a reasonably prudent person would have under the same or similar circumstances. Defendants' negligent acts or omissions include, but are not limited to:

1. Failing to design and/or manufacture the refrigerator in a safe manner;
2. Failing to ensure that the refrigerator was designed and/or manufactured in a safe manner;
3. Failing to properly and adequately design and/or manufacture the refrigerator;
4. Selling and/or distributing a defective refrigerator that subjected Plaintiff's insured and her property to an unreasonable risk of harm;
5. Failing to test the refrigerator to ensure it was safe for its intended use;
6. Failing to act as a reasonably prudent person would have under the same or similar circumstances; and
7. Otherwise failing to use due care under the circumstances.

**X.**

Each of the above-referenced acts and omissions, singly or in combination with others, constituted negligence, which proximately caused the damages suffered by Plaintiff, which are far in excess of the minimum jurisdictional limits of this Court.

**BREACH OF EXPRESS AND IMPLIED WARRANTIES**

**XI.**

Plaintiff pleads, restates and realleges the previous paragraphs above as if set forth fully herein and would further show the Court the following:

At all times material herein, Defendants expressly and/or impliedly warranted that the refrigerator was merchantable and fit for ordinary use. In fact, because the refrigerator exploded, it was not fit for the purpose for which it was intended. Defendants breached these express and/or implied warranties in one or more of the following respects:

1. Failing to design and/or manufacture the refrigerator in a safe manner;

2. Failing to ensure that the refrigerator was designed and/or manufactured in a safe manner;

4. Failing to properly and adequately design and/or manufacture the refrigerator;

5. Selling and/or distributing a defective refrigerator that subjected Plaintiff's insured and her property to an unreasonable risk of harm;

5. Failing to test the refrigerator to ensure it was safe for its intended use;

6. Failing to act as a reasonably prudent person would have under the same or similar circumstances; and

7. Otherwise failing to use due care under the circumstances.

**XII.**

Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of the above express and/or implied warranties. As a direct and proximate result, Plaintiff suffered damages, which are far in excess of the minimum jurisdictional limits of this Court.

**XIII.**

**MALFUNCTION THEORY/RES-IPSA LOQUITUR**

Plaintiff pleads, reinstates and realleges the previous paragraphs above as if set forth fully herein and would further show the Court the following:

Plaintiff's insured did nothing to cause the malfunction of the refrigerator. The refrigerator would not have malfunctioned/exploded but for Defendants' negligence in designing, manufacturing and/or distributing the unit. Plaintiff pleads for recovery under both malfunction theory and *res ipsa loquitur*.

**DAMAGES**

**XIV.**

Plaintiff seeks damages in an amount in excess of $450,000, but not to exceed $800,000, inclusive of pre-judgment interest and court costs.

**CONDITIONS PRECEDENT**

**XV.**

All conditions precedent to the filing of suit have been met.

**PRAYER**

**XVI.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiff against Defendants, which is far in excess of the minimum jurisdictional limits of this Court, for compensatory and/or economic damages, including, but not limited to, damages to real property, personal property, additional living expenses, costs of repair, costs of court, through trial and appeal, pre- and post-judgment interest at the highest rate allowed by law, through trial and appeal, and for such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

/s/ Paul Vigushin

PAUL VIGUSHIN
Texas Bar No. 00797600
**LAW OFFICES OF PAUL VIGUSHIN, P.C.**
2201 N. Central Expy., Ste. 115
Richardson, TX 75080
(972) 705-9911 (tel.)
paul@pv-law.com
**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paul Vigushin on behalf of Paul Vigushin
Bar No. 00797600
paul@pv-law.com
Envelope ID: 97539766
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 2/19/2025 2:01 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Paul Vigushin | | paul@pv-law.com | 2/19/2025 11:12:44 AM | NOT SENT |